IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESUS RODRIGUEZ                                                              PLAINTIFF

v.                              CIVIL NO.  5:15-cv-5096

PROSECUTING ATTORNEY JOHN THREET,
DEPUTY PROSECUTOR AMY M. DRIVER,
JUDGE WILLIAM STOREY,
JUDGE MARK LINDSAY,
WASHINGTON COUNTY CIRCUIT CLERK KYLE SYLVESTER,
DEPUTY PUBLIC DEFENDER MATT DEARMORE,
JONI M. WHITE, SHERIFF TIM HELDER,
HEATHER GOODWIN (COOK, WHITLEY),
TOBE ALLEN WHITLEY, SR.,
BRAD LIVINGSTON, DIRECTOR OF THE TEXAS
DEPARTMENT OF CORRECTIONS and
JUDGE GLORIA SALADANA                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The Plaintiff

proceeds *pro se* and *in forma pauperis.*

The case is before me for pre-service screening under the provisions of the Prison Litigation

Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).

## I.      BACKGROUND

The Plaintiff is currently incarcerated in the Texas Department of Corrections.  The Plaintiff's

Complaint asserts claims stemming from back child support proceedings in the Washington County

Circuit Court and a petition for termination of parental rights and adoption of stepchildren which was

filed in a Texas court.  (Doc. 1)

## II.     DISCUSSION

As set forth above, under the PLRA, the Court is obligated to screen the complaint prior to

service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See* West v. Atkins, 487 U.S. 42, 48 (1988).  Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard."  *See* Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

In this case, the claims asserted by Plaintiff are clearly subject to dismissal as they are frivolous or are asserted against individuals immune from suit.  First, Judge William Storey, Judge Mark Lindsay, and Judge Gloria Saldana are immune from suit under 42 U.S.C. § 1983.  Mireless v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also* Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994).

Second, Prosecuting Attorney John Threet and Deputy Prosecutor Amy M. Driver are immune from suit.  The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409 (1976), established

the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430. *See also* Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Third, Deputy Public Defender Matt Dearmore is not subject to suit. A § 1983 complaint must allege that each Defendant, acting under the color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). It appears that the Plaintiff's allegations against Dearmore stem from Dearmore's representation of Plaintiff during the proceedings against him in the Washington County Circuit Court. Dearmore is a public defender and a public defender does not act under the color of state law when performing traditional functions as counsel. Polk County v. Dodson, 454 U.S. 312, 318 (1981).

Fourth, Washington County Circuit Clerk Kyle Sylvester is immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." Boyer v. County of Washington, 971 F.2d 100, 101 (8th Cir.1992) (internal quotations marks and citation omitted). *See also* Maness v. District of Logan County-Northern Div., 495 F.3d 943 (8th Cir.2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989)(explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his complaint and by lying to him about its whereabouts, was

entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also* Davis v. , 431 F.2d 81, 82 (8th Cir. 1970)(holding court clerk who allegedly lost court file entitled to absolute immunity).

Fifth, both Heather Goodwin and Tobe Allen Whitley, Sr. are private citizens and are not subject to suit under § 1983. Heather Goodwin is the Plaintiff's ex-wife and the mother of his daughter. Tobe Allen Whitley, Sr. is Plaintiff's ex-wife's husband. The Plaintiff's allegations against Goodwin and Whitley stem from their initiation of a proceeding for termination of the Plaintiff's parental rights. A § 1983 complaint must allege that each defendant*, acting under the color of state law*, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See* West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] private party's mere invocation of state legal procedures does not constitute state action." Youngblood v. Hy-Vee Food Stores, Inc., 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(citations omitted). *See also* Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.")

The remaining claims in Plaintiff's complaint are against Joni M. White, the Interstate Agreement on Detainers Administrator for the Texas Department of Criminal Justice; Washington County Sheriff Tim Helder; and, Brad Livingston, the Director of the Texas Department of Criminal Justice. Plaintiff's claims against each of these defendants center on speedy trial issues with respect to proceedings against him in Washington County, Arkansas. (Doc. 1, p. 11-13; 69). The Plaintiff's claims under § 1983 for violation of his speedy trial rights must be dismissed because it would

implicate the validity of any conviction which could result from his criminal case.  *See* <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

## III.    CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (Doc.  1) be **DISMISSED** as all claims are frivolous and subject to dismissal under 28 U.S.C. § 1915A(b).   The Complaint should be **DISMISSED WITH RESPECT TO ALL DEFENDANTS AS FOLLOWS:**

**\* the Complaint should be DISMISSED WITH PREJUDICE as JUDGE STOREY, JUDGE LINDSAY, JUDGE SALDANA, PROSECUTING ATTORNEY JOHN THREET, DEPUTY PROSECUTOR AMY M. DRIVER, DEPUTY PUBLIC DEFENDER MATT DEARMORE, WASHINGTON COUNTY CIRCUIT CLERK KYLE SYLVESTER, HEATHER GOODWIN, and TOBE ALLEN WHITLEY, SR.;**

**\* the Complaint should be DISMISSED WITHOUT PREJUDICE as to JONI M. WHITE, SHERIFF TIM HELDER, and BRAD LIVINGSTON.**

The Plaintiff has fourteen (14) days from receipt of this report and recommendation within which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 29th  day of July, 2015.


/s/ *Erin L. Setser*
      HON. ERIN L. SETSER
      UNITED STATES MAGISTRATE JUDGE