IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JESUS RODRIGUEZ**                                                                                    **PLAINTIFF**

**V.**                                       **CASE NO.: 5:15-CV-05096**

**PROSECUTING ATTORNEY JOHN THREET;
DEPUTY PROSECUTOR AMY M. DRIVER;
JUDGE WILLIAM STOREY; JUDGE MARK LINDSAY;
WASHINGTON COUNTY CIRCUIT CLERK KYLE
SYLVESTER; DEPUTY PUBLIC DEFENDER MATT
DEARMORE; HEATHER GOODWIN (COOK,
WHITLEY); TOBE ALLEN WHITLEY, SR.;
BRAD LIVINGSTON, DIRECTOR OF THE TEXAS
DEPARTMENT OF CORRECTIONS; and
JUDGE GLORIA SALDANA**                                                          **DEFENDANTS**

## ORDER

On July 29, 2015, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R & R") (Doc. 9) as to Plaintiff Jesus Rodriguez's Complaint for relief pursuant to 42 U.S.C. § 1983. The Magistrate Judge performed a pre-service screening of the Complaint as per 28 U.S.C. § 1915A(a) and determined that all claims are either frivolous or asserted against individuals immune from suit. On August 17, 2015, Rodriguez requested an additional 60 days to file objections to the R & R. See Doc. 10. The Court granted him a 21-day extension of time, making his objections due on September 8, 2015. Rodriguez ultimately filed his objections out of time, on September 14, 2015. See Doc. 11. Nevertheless, the Court has considered Rodriguez's late-filed objections and has conducted a *de novo* review of the record.

1

Rodriguez's Complaint asserts claims stemming from back child support proceedings in the Circuit Court of Washington County, Arkansas, and a separate proceeding for termination of his parental rights that took place in a Texas court. Rodriguez sues three State judges; two State prosecuting attorneys; a State public defender; the Washington County Circuit Clerk of Court; his ex-wife and her current husband, both of whom are private citizens; an administrator for the Texas Department of Criminal Justice; the Washington County Sheriff; and the director of the Texas Department of Criminal Justice.

In reviewing Rodriguez's objections, he sets forth the alleged timeline of events leading up to the disposition of the Arkansas case that was filed against him for failure to pay child support. He maintains that he moved to dismiss this case due to the violation of his Speedy Trial Act rights, and he accuses the State prosecutors in Arkansas of violating federal rules and subjecting him to double jeopardy in the prosecution of this case. With respect to these prosecutors, Rodriguez believes they are not absolutely immune from suit because they were performing administrative or investigatory functions. The Court disagrees and finds that all claims asserted against Defendants Threet and Driver concern the initiation, prosecution, and presentation of the State's case against Rodriguez. Specifically, Rodriguez complains that the prosecutors violated his right to a speedy trial in delaying the prosecution of his case and then took some action so as to "drop the case" until a later date when it could be re-filed. Even assuming Rodriguez's allegations are true, all decisions as to when to bring criminal charges, the manner in which such charges are prosecuted, and whether to *nolle pros* or dismiss pending charges are ones involving the exercise of prosecutorial discretion and are not subject to civil suit under § 1983 for the

reasons explained by the Magistrate Judge. See R & R, Doc. 9, pp. 2-3. Rodriguez's objection to the dismissal of Threet and Driver is overruled.

Next, Rodriguez asserts that the three Defendant judges should not be dismissed because "absolute judicial immunity d[oes] not prevent a prisoner from seeking injunctive relief or attorney's fees in 1983 action." (Doc. 11, p. 5). He appears to acknowledge that he did not make such claims for relief against these Defendants in the Complaint, but he asks to be permitted to correct this error and file an amended complaint to state such claims. To be clear, Rodriguez contends in the Complaint that the Arkansas judges violated his right to a speedy trial by refusing to acknowledge an interstate agreement on detainers that was allegedly in place, and the Texas judge violated his constitutional rights by "sign[ing] a judgment, order, decree against [Rodriguez] on 8-14-14." (Doc. 1, p. 27).

The actions Rodriguez complains of with respect to these judges are clearly judicial in nature and subject to absolute judicial immunity. See Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Moreover, allowing Rodriguez to amend his Complaint to assert claims for prospective injunctive relief against these judges would be futile. Rodriguez does not contend that these judges performed their judicial duties in the absence of proper jurisdiction. Rather, he disagrees with their decisions and believes they were made contrary to law. Even if he is correct, such decisions are unlikely to recur and thus cannot form the basis of a claim for prospective relief. See Sterling v. Calvin, 874 F.2d 571, 572 (8th Cir. 1989) (per curiam) (explaining prerequisites to obtaining injunctive relief). For these reasons, Rodriguez's objection to the dismissal of Defendants Lindsay, Storey, and Saladana is overruled.

No other Defendants are identified in Rodriguez's objections. Accordingly, the Court finds that the objections are limited to the ones explained above. The R & R (Doc. 9) is, therefore, **ADOPTED IN ITS ENTIRETY**, and this case is **DISMISSED** as follows: (1) all claims pending against Defendants Threet, Driver, Storey, Lindsay, Sylvester, Dearmore, and Saladana are **DISMISSED WITH PREJUDICE** due to their immunity to suit; (2) all claims against Defendants Goodwin and Whitley are **DISMISSED WITH PREJUDICE**, as they are private individuals not subject to suit under § 1983; and (3) all claims against Defendants White, Helder, and Livingston are **DISMISSED WITHOUT PREJUDICE** as the claims center on speedy trial issues concerning proceedings in Washington County, Arkansas, and any rulings by this Court as to those proceedings would "necessarily imply the invalidity of [Rodriguez's] conviction and sentence" in State court. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

**IT IS SO ORDERED** on this 6th day of October, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE